IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

PLUMBERS AND STEAMFITTERS
UNION LOCAL NO. 10,
    Plaintiff,

v.                                        Civil No. 3:20cv003 (DJN)

STUART WATERS,
    Defendant.

## MEMORANDUM OPINION

Plaintiff Plumbers and Steamfitters Union Local No. 10 ("Plaintiff" or the "Union" or "Local 10") brings this action against Stuart Waters ("Defendant"), alleging a violation of Section 501(a) of the Labor Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. § 501(a). This matter comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 7). For the following reasons, the Court hereby GRANTS the Motion (ECF No. 7).

### I.    BACKGROUND

In considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will accept a plaintiff's allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.2d 1130, 1134 (4th Cir. 1993). However, the Court need not accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Based on this standard, the Court accepts the following facts.

### A. Facts Alleged.

Plaintiff operates as a labor organization, as defined by the LMRDA, 29 U.S.C. § 402(i), representing individuals in the plumbing and steamfitting trades in and around Richmond, Virginia. (Compl. ¶ 3.) Defendant previously served as the Business Manager of the Union between 1992 and 2016. (Compl. ¶ 4.) As Business Manager, Defendant acted as an officer of the Union, pursuant to the LMRDA, 29 U.S.C. §§ 402(n), (q). (Compl. ¶ 4.)

The Union by-laws govern the administration of the Union. (Compl. ¶ 7.) Pursuant to the by-laws, elected officers, including the Business Manager, run the Union. (Compl. ¶ 8.) The Union membership elects the Business Manager for a term of not less than three years. (Compl. ¶ 13.) The by-laws authorize the Business Manager to spend the Union's money, but only "for the benefit of Local 10." (Compl. ¶ 9.) The by-laws also outline the process through which the Business Manager must account for and seek approval of any expenditure of the Union's money. (Compl. ¶ 10.) In accordance with these procedures, the Business Manager must regularly report to the Union membership all expenditures made. (Compl. ¶ 10.) Further, the Business Manager must secure proper vouchers to pay bills and must "surrender to his successor in office all records, books, and property of the [Union] and exhibit his bank statements such as the [Union] shall direct." (Compl. ¶ 10.) The Union pays the Business manager a salary and other benefits in exchange for performing these duties. (Compl. ¶¶ 11-12.)

On June 4, 2016, the Union held officer elections. (Compl. ¶ 14.) Defendant did not seek re-election as Business Manager at that time. (Compl. ¶ 15.) The Union elected Steve Martin ("Martin") as Business Manager; Martin took office on July 1, 2016. (Compl. ¶ 15.)

Plaintiff alleges that on June 30, 2016, before leaving office, Defendant used his position as Business Manager to cause Brenda Maeurer ("Maeurer"), a Union office employee, to issue a

check to him for $7,938.00 from the Union's bank account. (Compl. ¶ 16.) The check allegedly constituted payment for Defendant's unused vacation time. (Compl. ¶ 16.) According to Plaintiff, Defendant wrote a dollar amount on a slip of paper and gave it to Maeurer with the instruction to produce a check in that amount. (Compl. ¶ 16.) Following this, at Defendant's direction, Maeurer affixed the endorsement of the then-Union President on the check. (Compl. ¶ 16.) Defendant picked the check up from the Union office, signed it and deposited it in his personal bank account. (Compl. ¶ 16.) Maeurer worked as an office employee throughout Defendant's tenure as Business Manager and she reports that this was the first time in twenty-four years that Defendant had claimed an entitlement for unused vacation time. (Compl. ¶ 17.)

Plaintiff asserts that the check was not supported by a proper voucher, that Defendant did not report the check to the Union membership and that the check was not issued for the benefit of the Union or its members, as the by-laws require. (Compl. ¶ 18.) Employee salaries and expenses are typically paid through a payroll service, which ensures that certain withholdings, mandated by state and federal law, are made. (Compl. ¶ 19.) Because the Union did not issue the check in the ordinary course of the Union's payroll service, the proper withholdings were not made on the issued check. (Compl. ¶ 19.) As a result, the Union had to pay $1,315.94 in payroll taxes to satisfy its legal obligations as an employer. (Compl. ¶ 19.) Additionally, the UA Local Union Officers Pension Plan requires that the Union pay certain contributions, based on the amount of compensation that the Union pays to its participating employees. (Compl. ¶ 19.) Consequently, the UA Local Union Officers Pension Plan demanded — and the Union paid — $2,775.94 in contributions based on the check issued to Defendant. (Compl. ¶ 20.)

On July 25, 2019, Plaintiff's counsel sent a letter to Defendant, demanding that he reimburse the Union for $7,938.00. (Compl. ¶ 21.) On September 12, 2019, Plaintiff's counsel

contacted Defendant again. (Compl. ¶ 22.) Plaintiff sought $12,029.88, representing the original check amount, as well as the withholdings and pension plan contributions that Plaintiff paid as a result of Defendant's alleged actions. (Compl. ¶ 22.) Defendant's counsel responded on November 1, 2019, stating that Defendant would not reimburse the Union for either the original $7,938.00 or the full $12,029.88. (Compl. ¶ 23.)

### B. Plaintiff's Cause of Action and Demand for Relief.

Plaintiff brings one cause of action, alleging a breach of fiduciary duty, in violation of Section 501(a) of the LMRDA, 29 U.S.C. § 501(a). (Compl. ¶¶ 24-25.) Plaintiff asserts that Defendant, as an Officer of the Union, owed a fiduciary duty to the Union and its members. (Compl. ¶ 26.) When Defendant caused the check to be issued for his own benefit, Defendant violated his fiduciary duties and the Union's by-laws. (Compl. ¶ 26-27.)

Plaintiff seeks compensatory damages in the amount of $12,029.88, as well as costs and expenses of litigation, including reasonable attorneys' fees. (Compl. ¶ 28.)

### C. Defendant's Motion to Dismiss.

Defendant filed his Motion to Dismiss for Failure to State a Claim on January 27, 2020 (ECF No. 7), moving this Court pursuant to Rule 12(b)(6) to dismiss Plaintiff's Complaint as time-barred. (Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") (ECF No. 8) at 2.) Defendant argues that because the LMRDA does not provide a statute of limitations, the Court must look to the statute of limitations provided by the analogous state law. (Def.'s Mem. at 5.) Defendant asserts that the statute of limitations for breach of fiduciary duty provides the appropriate analogous time period. (Def.'s Mem. at 5.) Under Virginia law, the statute of limitations for breach of fiduciary duty affords two years from the date of the breach. (Def.'s Mem. at 5-6.)

In its Response, Plaintiff argues that the cause of action proves equitable in nature and, therefore, the Court should conduct a laches analysis to determine the timeliness of the claim. (Pl.'s Br. in Response to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (ECF No. 9) at 3.) Plaintiff further asserts that, when applying the laches analysis, the Court ought to use the state statute of limitations for shareholder derivative actions. (Pl.'s Resp. at 3.) Virginia law affords shareholder derivative actions a five-year statute of limitations. (Pl.'s Resp. at 3.) Because Plaintiff brought this claim within five years from the date of breach and because Defendant cannot establish that he suffered any prejudice from the delay in filing, Plaintiff asserts that laches does not bar Plaintiff's claim. (Pl.'s Resp. at 3-4.)

Defendant filed a Reply on February 14, 2020, rendering the matter ripe for review. (Reply in Supp. of Def.'s Mot. to Dismiss ("Def.'s Reply") (ECF No. 10).) Defendant reasserted his argument that because Plaintiff's claim constitutes one for breach of fiduciary duty, the two-year statute of limitations afforded to state breach of fiduciary duty cases applies. (Def.'s Reply at 2.) Further, Defendant argues that even if the Court conducts a laches analysis, Plaintiff's claim would still prove time-barred. (Def.'s Reply at 5.)

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or a counterclaim. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Twombly*, 550 U.S. at 544.

Relevant here, although a motion to dismiss filed pursuant to Rule 12(b)(6) typically may not address the merits of any affirmative defenses, in certain circumstances "where facts sufficient to rule on the affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.* 494 F.3d 458, 464 (4th Cir. 2007) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst* 4 F.3d 244, 250 (4th Cir. 1993)). This principle applies only when "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." *Goodman*, 494 F.3d at 464 (internal quotation marks omitted).

### III. ANALYSIS

Defendant contends that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. (Def.'s Mem. at 3-6.) In support of his Motion, Defendant argues that a two-year statute of limitations bars Plaintiff's claim. (Def.'s Mem. at 5.) The LMRDA, like many federal causes of action, does not provide a statute of limitations. Accordingly, Defendant asserts that the Court should look to the analogous state law statute of limitations. (Def.'s Mem. at 5.) In the instant case, Defendant argues that the Court should apply the two-year Virginia statute of limitations for breach of fiduciary duty cases. (Def.'s Mem. at 5.) Plaintiff responds that the five-year statute of limitations afforded to shareholder derivative suits under Virginia law provides the proper analogous time period. (Pl.'s Resp. at 3.) Moreover, Plaintiff asserts that the cause of action proves equitable in nature and, accordingly,

the Court should conduct a laches analysis and find Plaintiff's claim timely. (Pl.'s Resp. at 4.) Defendant responds that laches also bars Plaintiff's claim. (Def.'s Reply at 5.)

Because the applicable statute of limitations will inform any potential laches analysis, the Court will first consider which statute of limitations proves analogous to the instant case.

### A. The Court Will Apply the Virginia Breach of Fiduciary Duty Statute of Limitations.

As with many federal causes of action, Congress did not include a statute of limitations in the LMRDA. It is well established, and the parties agree, that when Congress does not provide a statute of limitations, courts should look to the analogous state law statute of limitations. *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989) (citing *DelCostello v. Teamsters*, 462 U.S. 151, 158 (1983)). In the instant case, because the alleged injury occurred in Virginia, the parties further agree that the Court should look to Virginia law. Therefore, the relevant question becomes which analogous Virginia cause of action provides the appropriate statute of limitations. Defendant asserts that a state breach of fiduciary duty claim, which affords a two-year statute of limitations, proves most analogous to the instant case. (Def.'s Mem. at 5.) Plaintiff contends that the Court should analogize its claim to a shareholder derivative suit, which provides a five-year statute of limitations. (Pl.'s Resp. at 3.) The Court agrees with Defendant.

Section 501(a) of the LMRDA outlines the fiduciary duties and responsibilities that union officers — such as Defendant — owe to a union and its members. 29 U.S.C. § 501(a). Separately, § 501(b) confers on individual union members a right of action only after the union itself refuses or fails to bring a suit against an officer who has breached his fiduciary duty. 29 U.S.C. § 501(b). In the instant suit, Plaintiff brings one claim against Defendant, alleging a breach of fiduciary duty in violation of § 501(a). In its Complaint, the Union does not allege any

claims under § 501(b) — nor does Plaintiff mention this subsection in its Complaint. Further, Plaintiff is the Union itself, not the individual members of the Union suing on the Union's behalf. In its Response to Defendant's Motion to Dismiss, Plaintiff interchanges a § 501(a) suit brought by the union, with a § 501(b) suit brought by union members on behalf of the union.[1]

A circuit split exists as to whether § 501(a), standing alone, confers a separate cause of action on a union. While the Fourth Circuit has not spoken on the matter, this Court and others have previously found that § 501(a) confers a standalone implied right of action on a union itself. *Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1339 (E.D. Va. 1996); *see also Int'l Union, Sec., Police & Fire Professionals of Am. v. Bogues*, 2013 WL 3093920, at *3 (D. Md. June 14, 2013) ("Although some courts have held that § 501(b) forecloses any right for a union to sue directly under § 501(a), the more logical reading of the statute is that, because the individual cause of action under § 501(b) requires a union first to have "refused" to bring suit on its own behalf, § 501(a) contains an implied right of action for unions themselves." (citing *Int'l Union of Operating Engineers v. Ward*, 563 F.3d 276, 282–89 (7th Cir. 2009) and *Building Material and Dump Truck Drivers v. Traweek*, 867 F.2d 500, 506–07 (9th Cir.1989))).

---

[1] The cases to which Plaintiff cites and analogizes are cases involving union members suing on behalf of the union pursuant to § 501(b), not the union itself suing an officer under § 501(a). *See, e.g., O'Hara v. Teamsters Union Local No. 856*, 151 F.3d 1152 (9th Cir. 1998) (former union employee brought action against the union and its officers alleging violations of the LMRDA); *Erkins v. Bryan*, 785 F.2d 1538, 1543 (11th Cir. 1986) (former union members suing on behalf of the union for an accounting of union strike funds); *Local No. 92, International Association of Bridge, Structural and Ornamental Iron Workers v. Norris*, 383 F.2d 735 (5th Cir. 1967) (derivative suit brought by four individual members of local union charging certain local officials with breach of fiduciary duties); *Austin v. Trandell*, 207 F. Supp. 2d 616 (E.D. Mich. 2002) (union members sued union officers under LMRDA, alleging improper use of union funds); *Hastings v. Green*, 1999 WL 1495423 (E.D.N.Y. Dec. 30, 1999) (union member brought suit pursuant to § 501(b), alleging that union officers had breached their fiduciary duties).

In accord with previous holdings by this Court, the Court finds that § 501(a) creates a standalone action. And Plaintiff, in its Complaint, plainly alleges a § 501(a) claim. Yet, in analogizing its claim to a shareholder derivative suit (Compl. at 5; Pl.'s Resp. at 3.), Plaintiff incorrectly conflates a suit brought under § 501(a) with one brought under § 501(b). A shareholder derivative suit provides a vehicle for shareholders to litigate on behalf of the corporation. *Rivers v. Wachovia Corp.*, 665 F.3d 610, 614-15 (4th Cir. 2011). It affords shareholders the opportunity to bring suit on behalf of the corporation against directors for wrongs and injuries to the corporation that result in a diminution in the value of the stock. *Id.* Similarly, § 501(b) allows individual union members to bring suit against directors of the union on behalf of the union.

In the present case, individual members have not brought suit on behalf of the union — in essence, a derivative suit. Instead, Plaintiff — the Union itself — asserts its own rights against Defendant. Accordingly, the Court remains unpersuaded that the instant case — a § 501(a) claim by the Union — should similarly apply a derivative action statute of limitations.[2]

The Court finds that the appropriate analogous state statute of limitations to be one for breach of fiduciary duty. First, on its face, Plaintiff describes Count One as a "Breach of Fiduciary Duty under the Labor Management Reporting and Disclosure Act." (Compl. at 5.) Moreover, the case substantively compares to a Virginia breach of fiduciary duty claim. Under Virginia law, the elements of a breach of fiduciary duty claim are: (1) the defendant owes a

---

[2] The fact that § 501(b), but not § 501(a), requires a plaintiff to obtain leave of court before filing suit underscores the distinction between suits brought under the two separate provisions. *See International Longshoremen's Ass'n*, 914 F. Supp. at 1340 (explaining the reasoning behind the distinct prefiling requirements of § 501(a) and § 501(b)). And Plaintiff did not seek leave of court to file the instant suit, further cementing this suit as one brought solely under § 501(a) and not § 501(b); therefore, rendering inapposite the comparison to a shareholder derivative suit.

9

fiduciary duty, (2) the defendant breached that fiduciary duty, and (3) the breach of fiduciary duty resulted in damages. *Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 666 (Va. Cir. 1994); *NorthStar Aviation, LLC v. Alberto*, 332 F. Supp. 3d 1007, 1016 (E.D. Va. 2018). The allegations in the Complaint track the elements of a breach of fiduciary duty claim.

Under § 501(a), officers, such as Defendant, owe the Union and its members a fiduciary duty. 29 U.S.C. § 501(a). Plaintiff itself states that "as an officer of the Union, Defendant Waters owed a fiduciary duty to the Union and its members." (Compl. ¶ 26.) Further, under Virginia law, a fiduciary duty exists when special confidence has been imposed on an individual who is, as a result, legally obligated to act in the best interest of the party that imposes the special confidence. *Allen Realty Corp. v. Hobert*, 318 S.E.2d 592, 595 (Va. 1985). Similarly, the duty created under § 501(a) clearly constitutes a fiduciary duty. Pursuant to § 501(a), a union imposes duties on its officers, who "occupy positions of trust" on behalf of the union. 29 U.S.C. § 501(a).

Indeed, Plaintiff alleges that Defendant "violated his fiduciary duties by causing a check to be issued to himself, for his own benefit, and without proper reporting or authorization." (Compl. ¶ 27.) And, Plaintiff alleges that due to Defendant's breach of fiduciary duties, Defendant owes the Union compensatory damages totaling the amount of money that Defendant allegedly took and the additional funds that Plaintiff expended as a result. (Compl. ¶¶ 22, 27.) The cause of action aligns squarely with a state breach of fiduciary duty claim under Virginia law. Therefore, the Court finds that it should analogize Plaintiff's claim to a breach of fiduciary duty.

Under Virginia law, breach of fiduciary duty claims lack an explicit statute of limitations; consequently, claims for breach of fiduciary duty fall within Virginia's catch-all statute of limitations, which affords two years. Va. Code § 801-284; *see also Jones v. Shooshan*, 855 F.

Supp. 2d 594, 602 (E.D. Va. 2012) (holding that the catch-all statute of limitations of two years applies to a breach of fiduciary duty claim under Virginia law). Moreover, under Virginia law, a claim for breach of fiduciary duty accrues at the time of the breach, not at the time that plaintiff discovers the breach. *Jones,* 855 F. Supp. 2d at 603. The Court finds that the two-year statute of limitations, applicable to breach of fiduciary duty claims under Virginia law, provides the appropriate statute of limitations for the instant suit brought by Plaintiff pursuant to § 501(a). Plaintiff alleges that the breach occurred on June 30, 2016 (Compl. ¶ 16), yet it did not file suit until January 2, 2020 — far beyond the applicable statute of limitations. The Court will apply this calculation to each timeliness analysis urged by the parties.

### B. Because the Two-Year Statute of Limitations Governs Plaintiff's Claim, Plaintiff's Complaint Will be Dismissed as Untimely.

Plaintiff argues that because a claim brought pursuant to 29 U.S.C. § 501(a) proves equitable in nature, the Court should conduct a laches analysis and find Plaintiff's Complaint timely. (Pl.'s Resp. at 4-5.) Defendant contends that the Court need not engage in a laches analysis and, even if it does, that laches also bars Plaintiff's claim. (Def.'s Reply at 5.)

If Plaintiff's claim proves equitable in nature, the Court should engage in a laches analysis to determine the timeliness of the Complaint. However, if Plaintiff's claim is legal in nature, the Court may simply dismiss the Complaint as time-barred by the two-year statute of limitations. Courts have not universally determined whether a cause of action brought pursuant to § 501(a) constitutes an equitable claim and the Fourth Circuit has not spoken to the issue. Here, the Court need not make a conclusive determination whether Plaintiff's claim constitutes

an equitable claim, because Plaintiff's Complaint proves time-barred under either framework.³ Under a strict application of the analogous two-year statute of limitations, Plaintiff's Complaint falls outside the statute of limitations and must be dismissed. Similarly, an application of the doctrine of laches also renders Plaintiff's Complaint untimely.

"Estoppel by laches generally applies to preclude relief for a plaintiff who has unreasonably 'slept' on his rights." *PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 121 (4th Cir. 2011). Potential application of the doctrine of laches typically involves a two-step analysis. *Boston Correll v. Herring*, 212 F. Supp. 3d 584, 616 (E.D. Va. 2016). First, Defendant must demonstrate that Plaintiff lacked diligence in asserting its claims. *Id.* The Fourth Circuit has held that the first element of laches requires proof that "the plaintiff delayed inexcusably or unreasonably in filing suit." *Id.* (quoting *White v. Daniel*, 909 F.2d 99, 102 (4th Cir.1990)). Defendant may show a lack of diligence either by proof that the action was not commenced within the period provided by the analogous statute of limitations or with facts otherwise indicating a lack of diligence. *Id.* (citing *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 128 (4th Cir.1966)).

The second element focuses on any prejudice to Defendant. *White*, 909 F.2d at 102. Defendant "is aided by the inference of prejudice warranted by the plaintiff's delay." *Id.* (quoting *Giddens*, 355 F.2d at 128). And indeed, Defendant's assertion of prejudice "may either rest on the inference alone or [the] introduc[tion of] additional evidence." *Id.* (citing *Giddens*, 355 F.2d at 128); *see also Perry v. Judd*, 840 F. Supp. 2d 945, 954 (E.D. Va.), *aff'd*, 471 F. App'x 219 (4th Cir. 2012) ("Prejudice can be inferred simply from the plaintiff's delay, or from

---

³ In its Complaint, Plaintiff seeks "compensatory damages" — a remedy at law — representing the money that Defendant allegedly took and the consequential damages suffered as a result of Defendant's actions. (Compl. ¶ 28.)

evidence of specific harm. The greater the delay, the less prejudice required to show laches.") When Defendant has demonstrated Plaintiff's lack of diligence in filing, Plaintiff must explain and excuse "the apparent laggardness and [] prove facts manifesting an absence of actual prejudice." *White,* 909 F. 2d at 102 (quoting *Giddens,* 355 F.2d at 128). Ultimately, the application of laches lies within the sound discretion of the Court. *E.E.O.C. v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005) (citing *White,* 909 F.2d at 102).

Under the doctrine of laches, when a statute does not provide an explicit statute of limitations, courts are nonetheless still "guided by the limitations that they would borrow for actions at law." *Lyons P'ship, L.P. v. Morris Costumes, Inc.,* 234 F.3d 787, 799 (4th Cir. 2001). Courts "presume that if an equitable claim is brought within the limitations period, it will not be barred by laches." *Id.* However, as previously determined by this Court, the appropriate analogous statute of limitations is two years; therefore, Plaintiff did not bring its claim within the period allotted.

When, as here, claims are brought outside the analogous statute of limitations, laches typically prevents the cause of action from continuing, barring extraordinary circumstances. Indeed, when a "suit is brought after the statutory time has elapsed, the burden is on the complainant to show . . . that it would be inequitable to apply [laches] to his case." *King v. Richardson,* 136 F.2d 849, 862 (4th Cir. 1943); *see also Steves & Sons, Inc. v. Jeld-Wen, Inc.,* 345 F. Supp. 3d 614, 673 (E.D. Va. 2018) (quoting *King,* 136 F.2d at 862). Other circuits have similarly found that the burden rests on Plaintiff to demonstrate why laches should not prevent a case from moving forward when Plaintiff brings a claim outside of the period allowed by the analogous statute of limitations. *See, e.g., Conopco, Inc. v. Campbell Soup Co.,* 95 F.3d 187, 191 (2d Cir. 1996) ("[W]hen the suit is brought after the statutory time has elapsed, the burden is

on the complainant to aver and prove the circumstances making it inequitable to apply laches to his case." (citing *Leonick v. Jones & Laughlin Steel Corp.*, 258 F.2d 48, 50 (2d Cir.1958))); *Univ. of Pittsburgh v. Champion Prod. Inc.*, 686 F.2d 1040, 1045 (3d Cir. 1982) ("[W]here the plaintiff sleeps on his rights for a period of time greater than the applicable statute of limitations, the burden of proof shifts to the plaintiff." (internal quotations omitted)).

Here, Plaintiff has not met its burden of showing that inequity would result from applying laches. Nor has Plaintiff even attempted to meet this burden. Instead, Plaintiff asserts that Defendant has not been prejudiced in any way as a result of the delay in filing. In doing so, Plaintiff merely contends that Defendant has not met his alleged burden of proof. Plaintiff filed the instant suit almost three and a half years following the breach — nearly a year and a half beyond the analogous statute of limitations. "When the interval between injury and suit exceeds a corresponding statutory limitation, prejudice to the defendant is said to be presumed." *Giddens*, 355 F.2d at 128. Moreover, Plaintiff has failed to explain any facts or circumstances that might otherwise excuse its delay in filing the Complaint. Defendant has properly demonstrated Plaintiff's lack of diligence in filing by establishing that the action was not commenced within the period provided by the analogous statute of limitations and Plaintiff has failed to demonstrate why the Court should not bar its claim as untimely. Indeed, Plaintiff has failed to excuse "the apparent laggardness and [] prove facts manifesting an absence of actual prejudice." *White*, 909 F. 2d at 102 (quoting *Giddens*, 355 F.2d at 128). Accordingly, the Court finds that the doctrine of laches fails to rescue Plaintiff's suit.

Finally, the Court finds it possible in this instance to decide the statute of limitations questions at the pleadings stage. A defendant may properly raise — and the Court may properly consider — a statue of limitations defense at the motion to dismiss stage "if the time bar is

apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). In the instant case, the face of the complaint provides the facts necessary to determine whether Plaintiff's claim proves time-barred. Under Virginia law, a plaintiff must bring a breach of fiduciary duty claim within two years of the date of the breach. Va. Code § 801-284; *Jones*, 855 F. Supp. 2d at 602. Plaintiff alleges that the breach occurred on June 30, 2016 (Compl. ¶ 16), yet it did not file suit until January 2, 2020 — nearly three and a half years after the alleged breach of fiduciary duty. Moreover, Plaintiff has not alleged any other issues that might otherwise prevent the Court from considering a statute of limitations defense at the pleadings stage.

Because the Court finds that the two-year period afforded to breach of fiduciary duty claims under Virginia law provides the appropriate analogous statute of limitations, the Court finds that Plaintiff's Complaint proves untimely and must be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 7).

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

                                                    /s/
                                          David J. Novak
                                          United States District Judge

Richmond, Virginia
Date: April 2, 2020